with your help in that regard. Thanks, Your Honor. Thank you. May it please the Court, Counsel, my name is Alex Hagen. I represent Mr. LaDeaux on appeal. He was convicted of a conspiracy to distribute methamphetamine charge, and I'd like to discuss two issues, whether or not the District Court erred in denying Mr. LaDeaux's motion to dismiss under the Speedy Trial Act and in granting subsequent motions to continue over his objections. And the second is a challenge to the sufficiency of the evidence, whether the government proved beyond a reasonable doubt all of the elements of the conspiracy with respect to Mr. LaDeaux. We agree that they proved a conspiracy. The question is whether the evidence was sufficient to show that he joined it. Mr. Hagen, I've got pages here of calendar dates. I probably just should have bought a couple old calendars and used those, but what's your strongest of all these continuances? I mean, what — and I understand you've got a variety of the ends of justice argument, that the co-defendants' continuances don't necessarily, you know, matter to the defendant here. Can you break it down? What's — what is the date, you think, in the timeframe where we crossed over that's the strongest argument in your perspective? I think the strongest argument would be December 17th, 2022, and let me just frame it briefly. We obviously agree that the time when a motion, a pretrial motion, motion to continue is under consideration is automatically excluded under, I believe, H1D. And then we get to the question of whether the ends of justice motion to continue. Now, Judge Kobus, that assumes — that's the strongest argument. That assumes that the trial court got it right in denying the motion to dismiss in the October 31st, 2022, opinion. And was that the one that adopted the magistrate judge's rule? Yeah. So September 9th, the magistrate says, nope, it's 38 days, your calculation's wrong. Then October 31st, the Judge Bikin affirms that. Now, the reason I start with the December 22nd is essentially we're now —  That was the highest continuance? That was the first continuance granted after Mr. Ledoux's motion to deny — motion to dismiss had been denied. Now, in the timeline, Judge Kobus and Judge Loken, November 6th is when De Zursa, our co-defendant who was originally indicted in March of 2021 — so now we're looking at November 6th, 2022. This is their sixth motion to continue. There were two subsequent motions to continue by Ms. Heiss on January 6th, 2022, and then a fifth motion from Ms. Heiss, March 24th, 2023. But I take your point, Judge Kobus. Just in the soup of these dates, here's what happened. Judge Bikin denied our motion to dismiss and continues to rely on the same rationale from these two defendants. I need more time to prepare for trial or to resolve my plea. And if you look at Ms. De Zursa and Ms. Heiss, they had joined the case in March of 2021 and are repeating the same story. I need 90 more days, a year later, to prepare for trial. And the argument is under H.B. Roma numeral IV, the trial court, in considering whether the ends of justice is appropriate, has to consider due diligence of counsel. So what's the standard of review? Is that an abuse of discretion? It's an abuse of discretion. Judge Erickson, I think, in the Wilsonist opinion from December, and I appreciate counsel bringing that to my attention, Mr. Coloner, I think says that the ends of justice is a clear error analysis. And I think that's a recent decision from this, I think it was December 10th. So I think it's clear error. Now what? Recent decision what? Recent decision is actually from Judge Erickson on December 10th. I believe the case is U.S. v. Wilson. U.S. v. Wilson? Correct. So in essence, we've obviously got the argument that we continue to object after the initial motion of dismiss had been denied, and the same rationale gets brought up again and again. So the argument is basically at some point, the district judge needs to do something else? Right. Because the initial motion comes in from counsel and the district judge says, look, I know counsel, they need more time, right? I mean, and at what point and at what case tells me when does that become reversible error? Where it's like, all right, this is getting ridiculous. This judge can say that, right? But for us to sit here and say, no, you should have brought counsel in or called and figured it out, I struggle with that. So where specifically did we cross the river here? I mean, and I can't, that's what I'm struggling with. All these dates, I can't tell when it became problematic. I understand why your client at the end of all this is looking back and saying, this didn't go right. But if I write it, I've got to figure out when didn't it go right. I think the 70 days on December 17th. But even if you agree that, okay. And why? Because... It was unreasonable? It was unreasonable. And he did not, Judge Viken did not adequately take into account whether counsel had been really diligent in continuing to ask for these 90-day extensions. Let me ask you, in the summer before trial, the government moved for a trial date certain. What was, and the district court responded with a continuance. What was the basis of the district court's continuance at that point? Ends of justice. And I think... Was there any analysis of counsel's needs at that point? No. So if you look at Addendum 34, the June 6, 2023rd order. So government asked for trial date certain, May 6th. A month goes by. No one's asking for more time. There's two defendants less, including my client. A month goes by. The court says, the ends of justice, this is a quote from Doc 356 at 1, the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial. Well, no one was asking for more time. The government wasn't asking for more time. They said, when's our trial date? We want a trial date certain. And even if that's the error, that's on June 6th. Help me count days if that's the error. Do we get to 70? Assuming you lose on everything else and we start, you know, we take the days that the magistrate judge gave you. And at that point, is that a speedy trial violation? No. If you say that's the... Up until then, it's fine. As of May 6th, when the government... All your dates aren't in my crib, so I can't follow. Every date you've mentioned is not in my summary of the dates, which doesn't say, probably says my summary's wrong. What may... I can't keep... I knew what the sequence of events was, but I can't pick it up because you keep changing the dates that I was working from. And I apologize. It is confusing. It's not your fault. I just need some clarification. So, Judge Loken... When did the government not request... What's the June 6th? Which... Is that 23? 23. So let me just take one step back. But you say it's already run, so what do we care about 2023? That's my position. Judge Koba says that if the May 6th request for a trial date is where that's the error, do I establish a speedy trial act? And I don't think I do, and here's why, Judge. There's 30 days between the time of the motion for a trial date and the June 6th. My client on June 22nd enters a plea of guilty, takes that back on the 23rd, and then there's trial set for August. So for me to win on that, you would have to establish that there was prior to that date, prior to May 6th, there was an error before that. But I do think that that sequence of events... Let's just step back and talk about what errors may or may not exist. I mean, because if we start there and we go through and we count through all the days and we agree that the district judge did not abuse his discretion in finding the facts, right? So he finds that the co-defendant, Ms. Hize, has a problematic pregnancy, that she's not in a position to consult with her client. These cases are properly joined, and that the ends of justice would require, in order for her to be prepared for trial while she's still in the case, that we're going to continue the trial. Now, if we say that those findings and facts are okay, then the legal conclusion, are the ends of justice advanced, then we're going to have a hard time getting there if we say the fact finding's right, okay? So the real issue for me is the whole issue of what's the reasonableness argument here? Were the co-defendants in custody? No, they were not, right? And so every day my client's not in jail is what? A good day, right? And so all these continuances are being brought with the idea, is my client's not in jail, right? And so continuances are sought, there's all these things, well, you know, Mr. Ledoux is not pregnant, Mr. Ledoux is not suffering from any health problems, and this goes on for how many days total? It's like 600, right? Right. Right? 600 days. Now, the Fifth Circuit says that at some point, there's a reasonableness analysis that's required, right? Is it your argument that these continuances for the problems by co-defendants, one, I'm trying to analyze whether I should accept the plea agreement or not, I'm trying to review discovery, which your client has never said he's had a problem reviewing, and third, I'm pregnant, which is not his problem, are those reasonable? I think it absolutely has to be a reasonable analysis. The judge quoted, I think, the Eleventh Circuit saying any delay is, you know, citing the first part of the statute, any delay is excludable, but there has to be a reasonable analysis. And your client moved to sever the case to be tried separately? The first, before he moved to dismiss, he moved to sever. So the two, and I see my time is up, may I, you respond, and I think that's the sequence. He moves to dismiss in July of 2022, and this case doesn't get tried until August of 2023. And to both speak to that and Judge Kobus' earlier question, there has to be a time when the same defendant is making their fourth or fifth request for a 90-day continuance a year after they asked for 90 days, supposedly for discovery or need to resolve the case, that it just is beyond pale. And there's no suggestion that this case was particularly complex, which is one of the factors that can justify an injustice continuance, or that the government was dilatory in giving discovery to the defendants. They just wanted more time, I respectfully suggest, because they wanted to keep their clients out of jail. And that's understandable, but the district court, even though we continue to object and assert the Speedy Trial Act rights, the district court never gave or vindicated that right, and that's clear error. Unless the Court has further questions, I submit the case. Thank you. Mr. Kalliner? Morning, Your Honors. May it please the Court, my friend and colleague, Mr. Hagan. I'm Kevin Kalliner for the United States. I'm here asking that this Court affirm this conviction, which includes affirming the district court's denial of the motion to dismiss for a Speedy Trial Act violation. All this discussion about reasonableness is a fair discussion to have in a motion regarding a Speedy Trial Act violation. That occurred in this case. At a certain point, the district court decided When was that again? I hate to nitpick, but I'm losing my dates as we proceed, too. So the order on the That was August of, August 10 or 11, is that correct? I think that's the motion and then the Was it October 31? I'm sorry, I'll find my card here. I should have avoided asking date-specific questions. Counsel, I'm not going to push you on it. I'll let you continue with the argument because I'll track down when it was. Sure, that's obviously I don't say the motion was August 2022, motion to dismiss, and the trial court denied it. I don't have the date of the denial. I have the magistrate judge denying it on or about September 9th and the district court adopting it in October. Yeah, I think that's right. I think the denial is like October 31, 2022. No, we're talking October 2022. Right. Okay. I think October 31, 2022. 21. Well, no, I could be wrong on that. So my dates are different. Yeah. That's the point at which the district court was presented with a motion, which is required under the statute here in order for the district court to make its determinations on the record about the reasons. There was no renewed motion for a Speedy Trial Act violation. But there were repeated objections, were there not? That's right. And then even the government got worried, I think, at some point. I'm not going to ask for your motives, but the government moved for a date certain. That's right. That's a question about reasonableness that would be a great presented in a Speedy Trial Act violation motion to the district court, which could then be appealed to this court and determined. So it's not a rule of preservation for appeal purposes. It's a statutory waiver if that motion is not presented. And so, you know, I would agree that it's a preserved issue for appeal. But the problem is, is there is a statutory waiver when you don't make that motion before trial. So we can consider the denial of the August, October, or I guess the October, that's properly before us and not waived? I think that's right. But anything after that you're suggesting is not?  It's objected to but not preserved. But not preserved. I mean, preserved for legally, it could be in front of us on the record. But without the motion, it's been waived. Right. And all the cases are clear that you need a motion. Why are they clear? Because the statute says that very plainly. The statute says that, plus we've said that they can explain the ends of justice at the time they dispose of the motion. Yeah. This Court said that because the Supreme Court said that. Now, I get this Court and the Supreme Court have said that's not the best practice, but it's allowable. And, you know, are these sparse reasons? So I think the focus of this Court should be on this pre-October date. And I think the District Court got it right. Assuming we don't think there's a waiver, what was the basis for the continuance the summer before trial? Government move for a trial date. District Court responded with what? Because for me, post-government motion at that point, the record is pretty sparse as far as, I think it just says ends of justice, right? Well, I think that's right. And then intervening, there were some plea, you know, I'm sorry, the defendant was engaged in plea negotiations, et cetera. But other than that, we have ends of justice periods. Not just plea negotiations. There was a plea agreement that was signed and entered and then withdrawn. So that's a separate section of the Speedy Trial Act that automatically waives that time for plea. But so, you know, I think as counsel just admitted, even if that period of time was an error, that doesn't get you to 70 days when you add that on. Now, if you look at that order that was eventually entered, I mean, there were all those different pre-trial deadline dates as well in that. So to say you should have scheduled trial, you know, the next day after this objection, that would make no sense because there was, you know, different deadlines that come into play and that's in that scheduling order. So just in terms of the reasonableness of what the court did. I would note about, you know, who was in custody and who wasn't at this time. I know that that's more of a question for prejudice if there was a due process violation alleged here. One thing not to be forgotten here, though, is that this defendant was detained because he'd been convicted. He was held and convicted on another crime. So there's a reason why he wasn't, you know, out and about like the rest of the defense. There were also detainers for outstanding state warrants on this individual. So he was situated differently than his co-defendants with respect to who's out on the street and who's not. I really think the Speedy Trial Act issue here rises and falls on this waiver question. And there's a good reason for that aside from just what the plain language says. The Supreme Court has told us that the district court can essentially cure an insufficient ends of justice explanation on an order regarding a Speedy Trial Act motion to dismiss. So when that doesn't occur, the district court doesn't even have a chance to give more reasons. And in terms of the order on the motion to dismiss, as I think the opposing counsel admits, the briefing admits, he did give more fulsome reasons. And they essentially mirrored what the co-defendants, the reasons that they were asking for these delays. So I have about three and a half minutes left. I don't see any more questions. I really think it rises and falls on that waiver issue. Thank you. I was, on this ends of justice explanation issue, it strikes me that the extent of explanation is reduced, can be reduced by the face of the motion. In other words, if the motion or request for exclusion is clearly one that is a is contemplated in the exclusion exceptions, I would think you need less explanation. On the other hand, if the motion was, I need a continuance because my niece is getting married in the Barbados, you might, and that's granted, you would expect the district court to have to say a little more. Right. Is there case law to that? Well, there's case law that says that the reason can even be in the judge's mind, right? And that's because there's... I just wondered, has anyone made the point that the face of the request or motion for a continuance can dictate, so to speak, how much the judge should have to say under the... Or sort of supplement it. Have to say something, case law. Yeah. You know, I haven't seen a case that, there may be one out there, but I haven't seen a case that says that exactly. But that is kind of what happened here, because if you look at those individual orders, it's not simply the ends of justice. The court recounts the reason for the request and then says for the ends of justice. So a fair reading is that the court is saying... The court needs to say, needs to make that link. Right. But there's a fair reading that says, look, I've listened to what has been proposed as a reason, and I think the ends of justice meet up with that reason. So, you know, the case law is pretty clear that the court doesn't need to say much to toll the speedy trial clock. So, thank you, Your Honors. Very good. Thank you. I'll give you a minute for rebuttal, if you'd like. Appreciate it. Just to briefly address the waiver issue, Zedner teaches us that the judge has the right to say, the reason that we are concerned about having to file this motion in advance is gamesmanship or essentially hiding the ball, where you go through the trial and then after the facts say, oh, by the way, there's a speedy trial issue. That doesn't exist here. I mean, trial counsel for Mr. Ledoux repeatedly objected to these multiple continuances in the early part of 2023 all the way through the spring. And I think that the waiver shouldn't apply in this case where counsel has been very diligent about explaining why there is an objection and the basis of that objection. Otherwise, as someone who's tried these cases at CJA, you have to keep trying and keep bringing these motions two, three, four times in front of a judge and using up their patience. So I don't think the rule that is suggested by opposing counsel actually makes sense or is governed by the Zedner decision when the principal purpose of waiver is to avoid gamesmanship. Everybody knew my client believed his Speedy Trial Act rights had been violated, and he kept objecting. So I don't think you should find a waiver here. Thank you.